# SHER TREMONTE LLP

December 10, 2018

**BY EMAIL**

Burton Ryan
Charles Kelly
Assistant U.S. Attorneys
U.S. Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

Re:     *United States v. Shikeba Rhamatzada*, 18-CR-607-4 (JFB)

Dear Messrs. Ryan and Kelly:

We write on behalf of our client, Shikeba Rhamatzada, to request immediate disclosure of the following discovery items pursuant to Rules 16 and 7(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 105 (1972), and its progeny, and the Fifth and Sixth Amendments to the United States Constitution.

Each request calls for all responsive items which are within the possession, custody, or control of the government and are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and we request prompt notice if responsive information comes to the government's attention at any point in the future. If the government declines to provide any information requested, please advise us of the government's objection so that we can consider bringing any dispute to the Court's attention.

## I.     Statements of Ms. Rhamatzada

1.      All records, reports, memoranda, notes, or other writings that contain the substance of any oral statement made by Ms. Rhamatzada to government or law enforcement authorities, whether or not the government intends to use any such statements at trial.  *See* Fed. R. Crim. P. 16(a)(1)(A). This request includes internal reports and memoranda prepared by law enforcement agents to the extent that statements of Ms. Rhamatzada are related or described within. Where a statement is contained in more than one writing, please provide each such writing.

Asst. U.S. Attorneys Burton Ryan and Charles Kelly
December 10, 2018
Page 2 of 5

2.	All written or recorded statements made by Ms. Rhamatzada, at any time and in any context, regardless of the government's intentions with respect to their use at trial. *See* Fed R. Crim. P. 16(a)(1)(B).

3.	The substance of all oral statements made by Ms. Rhamatzada to government or law enforcement authorities that have not been previously disclosed and that have not been disclosed pursuant to Requests 1 and 2 above and that the government may use at trial. *See* Fed. R. Crim. P. 16(a)(1)(A). This request includes not only statements that the government intends to introduce at trial, but also statements that the government may use for impeachment or other purposes.

4.	All recorded testimony of Ms. Rhamatzada or of any person authorized to legally bind Ms. Rhamatzada or to make admissions on Ms. Rhamatzada's behalf before any grand jury.

5.	With respect to the government's due diligence obligation, please provide the name and whereabouts of any government agent or employee who has had contact with Ms. Rhamatzada, but who has not been interviewed, to determine whether Ms. Rhamatzada made statements in his or her presence.

## II.	Documents and Tangible Objects

6.	Copies of all books, papers, documents and photographs that are material to the preparation of the defense or are intended for use at trial. *See* Fed. R. Crim. P. 16(a)(1)(E).

7.	A description of all tangible objects, buildings or places material to the preparation of the defense, intended for use at trial or obtained from Ms. Rhamatzada, which have not already been described or produced by the government. *Id.*

8.	The results or reports of any examination or scientific test. *See* Fed. R. Crim. P. 16(a)(1)(F).

9.	A detailed description of any documents, objects or physical evidence relating to this case that have been destroyed or lost, or are no longer in the custody or control of the government. If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

10.	Details regarding any searches conducted in the course of this investigation and whether or not items seized in the search will be introduced by the government as evidence at trial, including but not limited to the premises searched, the date of the search, copies of any warrants and applications for warrants, the names of the officers who conducted the search, descriptions of any items seized, the name of any individual

Asst. U.S. Attorneys Burton Ryan and Charles Kelly
December 10, 2018
Page 3 of 5

purporting to give consent to any such search and the purported relationship between that period and the premises searched.

11.     As a predicate to motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure, we further request that the government turn over any and all applications, affidavits or affirmations, orders and other documents which relate to any wire, electronic, oral, or video surveillance conducted in conjunction with any investigation underlying or related to this case.

12.     You have already provided recordings and line sheets reflecting the purportedly pertinent recordings of Ms. Rhamatzada's statements intercepted on the Title III wiretap. Please immediately provide the wiretap applications, any affidavits submitted in support of the same, and the orders authorizing the wiretap and wiretap authorizations, if any.

13.     Provide all information regarding the minimization procedures required by the wiretap order, and those actually followed by the agents in connection with their interception of Ms. Rhamatzada's telephone calls.

14.     Regarding the search of any electronic device, email account, or any other data, provide the search term protocols used to conduct the search, and information concerning whether any "taint team" was employed to screen for privileged information, when such taint team was put in place, and what, if any, materials the taint team determined initially to be privileged but nevertheless turned over to the investigative team.

15.     Regarding any bank accounts seized pursuant to the forfeiture allegations set forth in the indictment, please provide all affidavits and supporting exhibits submitted to any court in support of a request to seize such bank accounts.

### III.     Charts, Summaries, Analyses or Reports

16.     All charts, summaries or calculations reflecting the contents of writings or other documents that are either (a) material to the preparation of the defense, or (b) intended for use by the government as evidence in its case-in-chief at trial.

17.     Copies of all handwriting exemplars or handwriting samples used to perform any handwriting analyses in connection with the investigation in this case.

### IV.     Hearsay Testimony

18.     Please state whether the government intends to offer any hearsay evidence pursuant to Rules 803(24) and/or 804(5) of the Federal Rules of Evidence. If so, provide the information required by the Rules. This includes any statement by any alleged co-conspirator that the government intends to admit against any defendant at trial.

Asst. U.S. Attorneys Burton Ryan and Charles Kelly
December 10, 2018
Page 4 of 5

### V. Other Crimes, Wrongs, or Acts

19. Please describe any evidence of uncharged conduct of Ms. Rhamatzada that the government intends to introduce at trial. Fed. R. Evid. 404(b).

### VI. Expert Testimony

20. Please disclose any evidence that the government may present at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence by providing a written report prepared and signed by the witness that includes a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information relied upon in forming such opinions, and the qualifications of the witness. *See* Fed. R. Crim. P. 16(a)(1)(F).

### VII. *Brady* and *Giglio* Material

21. In addition to the above, please provide all documents, books, papers, photographs, tests or experiments, objects, statements of witnesses, and other evidence and information that (i) tends to exculpate Ms. Rhamatzada, (ii) may be favorable or useful to the defense as to either guilt or punishment, or (iii) tends to affect the weight or credibility of evidence to be presented against Ms. Rhamatzada. This includes all statements made by any of Ms. Rhamatzada's coconspirators or any other witnesses, including all testimony given before the grand jury. This request applies to evidence that is within the possession, custody or control of the government, known by the government or could by the exercise of due diligence become known to the government. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972) U.S. Attorney Manual § 9-5.001. This request includes, but is not limited to:

- information concerning prior investigations or audits of National Electronics, Inc., and other companies at issue in the Indictment by any agency of the federal government;
- any findings of such investigations and recommendations made to the company; and
- any records of the company's cooperation with such investigations and compliance with such recommendations.

22. If the government possesses information responsive to this request but takes the position that it does not fall within its *Brady* and *Giglio* obligations, please inform us so that we may seek the Court's intervention.

Asst. U.S. Attorneys Burton Ryan and Charles Kelly
December 10, 2018
Page 5 of 5

### VIII.   Request for Particulars

23.   Please particularize any "structured transaction" described in Count Four of the indictment by identifying the transaction date and bank account in which you contend the structured transaction took place.

24.   With respect to Count Six of the indictment, please particularize (1) the use of the mail or facility in interstate or foreign commerce you allege was used with the intent to distribute the proceeds of an unlawful activity; (2) what "acts involving the failure to file currency transaction reports and money laundering" relate to Ms. Rhamatzada; (3) what acts Ms. Rhamatzada is alleged to have undertaken (or aided and abetted) to distribute the proceeds of such unlawful activity; and (4) what acts Ms. Rhamatzada is alleged to have undertaken (or aided and abetted) to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

25.   Please specify what conversation, if any, intercepted as part of the Title III wiretaps the government believes to be relevant to the charges set forth in the Indictment

### IX.   Reservation

We expressly reserve the right to seek additional items of discovery not requested here, if the need arises out of the disclosures made by the government pursuant to this request.

Thank you for your cooperation.

Sincerely,

/s/ _____
Michael Tremonte
Noam Biale


cc:   The Honorable Joseph F. Bianco (by ECF)
      All Counsel (by ECF)